IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

KRISTIN D. COMBS                                                      PLAINTIFF
3220 Virginia Avenue
Louisville, Kentucky 40211

Case No. 3:19-CV-24-DJH

v.

Judge David J. Hale

MERRICK BANK                                                          DEFENDANT
10705 S. Jordan Gateway, Ste. 200
South Jordan, Utah 84095

    SERVE:    David B. Watson
                    10705 S. Jordan Gateway, Ste. 200
                    South Jordan, Utah 84095
                    (BY KENTUCKY SECRETARY OF STATE)

\*\* \*\* \*\* \*\*

**VERIFIED COMPLAINT**

Comes the Plaintiff, Kristin D. Combs, by counsel, and for her Verified Complaint against the Defendant, Merrick Bank ("Merrick"), states as follows:

**I. PRELIMINARY STATEMENT**

1. This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendant's failure to investigate Plaintiff's credit reporting disputes; Merrick's false reporting to Experian of an alleged delinquent debt; and Defendants' failure to correct Merrick's false reporting on Plaintiff's Experian credit report.

**II. PARTIES**

2. Plaintiff, Kristin Combs, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 3220 Virginia Avenue, Louisville, Kentucky 40211.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Merrick, is a national banking association doing business in the Commonwealth of Kentucky with its principal place of business at 10705 S. Jordan Gateway, Suite 200, South Jordan, Utah 84095.

5. Merrick is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

### III. JURISDICTION

6. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

7. In or around August 2018, Plaintiff, who was in the process of seeking home mortgage financing, accessed her Experian credit report and discovered that Merrick was reporting that Plaintiff's Merrick account was past due and owing to Merrick in the amount of $881.00.

8. Merrick charged off Plaintiff's Merrick account number 412061*** in the amount of $881.00, presumably Plaintiff's remaining balance on the Merrick account, pursuant to 26 C.F.R. § 6050P-1(b)(i)(2)(G).

9. Immediately upon discovering Merrick's false and derogatory tradeline which showed an alleged balance due and owing to Merrick, Plaintiff filed a dispute with Experian regarding the inaccuracy of the Merrick tradeline given Merrick's forgiveness and discharge of the alleged debt.

10. Upon information and belief, Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Merrick of the dispute at or within five (5) days of Experian's receiving notice of the dispute from Plaintiff.

11. In October 2018, Merrick verified the alleged past due Merrick account reporting on Plaintiff's credit report.

12. Despite Plaintiff's lawful request for removal or amendment of the disputed item pursuant to the FCRA, Merrick failed to investigate Plaintiff's dispute and failed to remove the disputed item from Plaintiff's credit report.

13. Upon information and belief, Merrick did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Merrick's receipt of Plaintiff's dispute.

14. The Defendant's actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's alleged past due Merrick account. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligence – Merrick

15. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 14 as if fully set forth herein.

16. Merrick's failure to investigate Plaintiff's dispute and its false reporting to Experian regarding the Merrick tradeline were negligent under applicable law. In failing to investigate Plaintiff's dispute and in falsely reporting the status of the Merrick account, Merrick breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding

Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

17. Merrick's failure to investigate Plaintiff's dispute and its false reporting to Experian regarding the alleged past due Merrick account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

18. Merrick's failure to investigate Plaintiff's disputes and its false reporting to Experian regarding the Merrick tradeline were willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Merrick

19. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20. Merrick, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Experian and other currently unknown individuals and/or entities who have accessed Plaintiff's credit report, that Plaintiff has a past due and payable Merrick account. Merrick's statements were false and were made with conscious disregard for the rights of the Plaintiff.

21. Merrick's publication of false statements regarding Plaintiff's creditworthiness and the alleged past due Merrick account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Merrick

22. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

23. Merrick's failure to investigate Plaintiff's disputes and its initial and continuing

4

false reporting to Experian of Plaintiff's alleged past due and payable Merrick account are violations of Merrick's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

24. Merrick's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Merrick is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Merrick

25. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

26. Merrick's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Experian of Plaintiff's alleged past due and payable Merrick account, despite Merrick's knowledge of the falsity of its reporting, are willful violations of Merrick's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

27. Given Merrick's knowledge of the falsity of its reporting, Merrick's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Merrick is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Kristin Combs, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiffs may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Kristin D. Combs, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Kristin D. Combs

COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF JEFFERSON         )

Subscribed, sworn to and acknowledged before me by Kristin D. Combs this 8th day of January, 2018.

_____
Jessica Wilson
Notary Public

Commission expires: 10/2019